IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| RAJINA R. PARROTT, § § | |
| Plaintiff, § § | |
| v. § § § | CIVIL ACTION NO. 6:17-CV-00558-JDL |
| NANCY A. BERRYHILL, ACTING § COMMISSIONER, SOCIAL SECURITY § ADMINISTRATION, § § | |
| Defendant. § | |

## MEMORANDUM ORDER AND OPINION

On, October 3, 2017, Plaintiff initiated this civil action pursuant to 42 U.S.C § 405(g), seeking judicial review of the Commissioner's denial of Plaintiff's application for Social Security benefits. (Doc. No. 1.) Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct all proceedings and order the entry of judgment in this case. (Doc. No. 17, at 1–2.) For the reasons stated below, the Court **REMANDS** this case to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g).

## BACKGROUND

On July 24, 2013, Plaintiff protectively filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), alleging disability beginning July 1, 2009. (Transcript ("Tr.") at 56, 291–303). The claims were denied initially on October 29, 2013 and upon reconsideration on June 5, 2014. *Id.* at 122, 132. Plaintiff sought review of the denial at an administrative hearing. *Id.* at 141. The ALJ issued an unfavorable decision on June 27, 2016 and Plaintiff again sought review. *Id.* at 15–31. On June 13, 2017 Plaintiff's request for review was denied by the Appeals Council. *Id.* at 1. Therefore, the ALJ's decision became the

Commissioner's final decision. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). Plaintiff has filed this instant action for review.

## **LEGAL STANDARD**

Title II of the Act provides for federal disability insurance benefits. Title XVI of the Act provides for supplemental security income. Judicial review of the denial of disability benefits under section 205(g) of the Act, 42 U.S.C. § 405(g), is limited to "determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)); *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (per curiam). A finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Homan v. Comm'r of Soc. Sec. Admin.*, 84 F. Supp. 2d 814, 818 (E.D. Tex. 2000). Accordingly, the Court "may not reweigh the evidence in the record, nor try the issues *de novo*," and is not allowed to substitute its judgment for the Commissioner's judgment. *Id.* (quoting *Bowling*, 36 F.3d at 435). Rather, conflicts in the evidence are for the Commissioner to decide. *Id.* (citing *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993)); *see Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). A decision on the ultimate issue of whether a claimant is disabled, as defined in the Act, rests with the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 455–56 (5th Cir. 2000); SSR 96-5p, 1996 WL 374183 (July 2, 1996).

"Substantial evidence is more than a scintilla but less than a preponderance—that is, enough that a reasonable mind would judge it sufficient to support the decision." *Brown v. Astrue*, 344 F. App'x. 16, 18–19 (5th Cir. 2009) (citing *Pena v. Astrue*, 271 F. App'x. 382, 383 (5th Cir. 2003)). Substantial evidence includes four factors: (1) objective medical facts or clinical

findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability; and (4) the plaintiff's age, education, and work history. *Id.* at 19 (citing *Fraga v. Bowen*, 810 F.2d 1296, 1302 n.4 (5th Cir. 1987)). However, the Court must do more than "rubber stamp" a decision by the ALJ, it must "scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the [Commissioner]'s findings." *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985) (internal quotation omitted).

Claimant has the burden for proving disability. *Id.* (citing *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991)). A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner uses a five step sequential process to determine if the claimant is disabled, and finding "disabled" or "not disabled" at any step of the sequential process ends the inquiry. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Step One determines whether the claimant is actually engaged in any "substantial gainful activity." At Step Two, the Commissioner determines whether the claimed physical and/or mental impairments are "severe." At Step Three, the Commissioner determines whether the claimant has an impairment or combination of impairments that meet or equal one of the listings in Appendix I. This step also involves determining the claimant's Residual Functional Capacity ("RFC"), or the most that the claimant can do given his impairments, both severe and non-severe. Step Four determines whether the claimant is capable of performing his past relevant work. Finally, Step Five determines whether the claimant can perform other work available in the local or national economy. 20 C.F.R. §§ 404.1520(b)–(f), 416.920(b)–(f). An affirmative answer at Step One or negative answer at Steps Two, Four, or Five results in a

finding of "not disabled." *Villa*, 895 F.2d at 1022. An affirmative answer at Step Three, or an affirmative answer at Steps Four and Five, creates a presumption of disability. *Id.* The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at Step Five if the claimant shows that he cannot perform his past relevant work. *Anderson v. Sullivan*, 887 F.2d 630, 632–33 (5th Cir. 1989) (per curiam).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

The ALJ made the following findings in his June 27, 2016 decision:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since July 1, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following "severe" physical and mental impairments: history of bladder cancer; bipolar disorder; major depression; anxiety disorder; borderline personality disorder; and polysubstance abuse (20 CFR 404.1520(c) and 419.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform "light work," as defined in 20 CFR 404.1567(b) and 416.967(b), except the claimant can only: perform simple work and relate to supervisors and coworkers only on a superficial basis. [footnote omitted]

6. The claimant is capable of performing past relevant work as a housekeeper (DOT # 323.687-014). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965)

7. The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2009, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. at 18–31).

The ALJ determined that Plaintiff is not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (*Id*. at 31).

## **ANALYSIS**

Plaintiff alleges error in the ALJ's determination on three bases: (1) the ALJ committed legal error in both his residual functional capacity ("RFC") and hypothetical question by failing to incorporate all of Plaintiff's limitations; (2) the ALJ committed legal error in finding that Plaintiff had past relevant work as a housekeeper; and (3) the ALJ erred in failing to make a finding as to whether Plaintiff could maintain employment.

### I.  The ALJ's RFC finding

Plaintiff asserts that the ALJ committed legal error in both his RFC and hypothetical question posed to the vocational expert ("VE") by: (1) failing to limit Plaintiff to work in a "simple setting;" and (2) failing to include limitations with respect to concentration, persistence, or pace. (Doc. No. 20, at 13–18.) The Commissioner argues that the ALJ adequately accommodated for Plaintiff's limitations, resulting in a valid RFC and hypothetical question. (Doc. No. 23, at 4.)

As to the first argument, Plaintiff claims that the ALJ "found" she was limited to work in a "simple setting", but excluded this limitation from the RFC, resulting in legal error. (Doc. No. 20, at 14.) In support for her argument, Plaintiff relies on the ALJ's step two discussion in which the ALJ weighed the mental RFC assessments provided by two state agency medical consultants, Dr. R.E. Schulman and Dr. Robin R. Reed. Tr. at 18–26. Dr. Reed opined that Plaintiff could "perform intermediate tasks in settings with low social demands." *Id*. at 25, 96–98. Dr. Schulman, however, opined that Plaintiff could "perform only simple tasks in a simple setting

5

(rather than 'intermediate tasks')." *Id*. at 25. The ALJ assigned greater weight to Dr. Schulman's "simple task" limitation, but otherwise granted equal weight to the two opinions. *Id*. at 26. Thus, Plaintiff's assertion that the ALJ "found" the Plaintiff was limited to working in a "simple setting" is unsupported. Rather, the ALJ only granted extra weight to Dr. Schulman's "simple task" limitation, but avoided granting any extra weight to the "simple setting" limitation. *Id*. at 26. The ALJ is not required to adopt medical opinions verbatim. Rather, the ALJ is tasked with scrutinizing the totality of the record in order to produce an independent finding regarding Plaintiff's capacity for work. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012) ("[T]he ALJ properly interpret[s] the medical evidence to determine [Plaintiff's] capacity for work."). In this case, the ALJ weighed the medical opinions and reached an independent RFC finding that was based on substantial evidence. Therefore, the ALJ did not commit legal error in excluding the "simple setting" limitation from his RFC.

Plaintiff next alleges that the ALJ committed legal error by failing to accommodate for her moderate difficulties with concentration, persistence, and pace. (Doc. No. 20, at 15.) The ALJ, in his RFC finding, determined that Plaintiff could "perform simple work and relate to supervisors and coworkers only on a superficial basis." Tr. at 28. Plaintiff claims this RFC assessment does not adequately accommodate for her moderate difficulties with concentration, persistence, or pace. (Doc. No. 20, at 15.) In support of her argument, Plaintiff cites *Cruz v. Colvin*, a case from the Southern District of Texas. In *Cruz*, the court found that "a limitation to 'simple instructions, just one to three step tasks that are routine and repetitive without frequent change in duties . . . [and] no contact with the public' was not sufficient to account for moderate difficulties with concentration, persistence, or pace." *Cruz v. Colvin*, No. H–15–338, 2016 WL 8672925, at *3 (S.D. Tex. Dec. 28, 2016). The Fifth Circuit, however, has taken a different

approach. In *Bordelon v. Astrue*, the Fifth Circuit stated that "such restrictions to rare public interaction, low stress, and simple, one-to two-step instructions reflect that the ALJ reasonably incorporated [Plaintiff's] moderate concentration, persistence, and pace limitations". *Bordelon v. Astrue*, 281 F. App'x 418, 422–23 (5th Cir. 2008). Similarly, in this case, the ALJ's RFC limited Plaintiff to "simple work" that involved superficial interaction with co-workers and supervisors. Tr. at 28. The restrictions established by the ALJ here are analogous to the restrictions in *Bordelon*. 281 F. App'x at 422–23. Therefore, Plaintiff's limitations regarding concentration, persistence, and pace are subsumed by the limitations regarding simple work and superficial interaction with co-workers and supervisors.

Plaintiff also claims the ALJ committed legal error in the hypothetical he posed to the VE. (Doc. No. 20, at 15.) Specifically, Plaintiff argues that the ALJ's hypothetical was defective because it did not include her limitations to a "simple setting" or moderate difficulties with concentration, persistence, or pace. *Id*. A hypothetical question must "reasonably incorporate the disabilities recognized by the ALJ." *See Bowling*, 36 F.3d at 435. Here, the ALJ's hypothetical described a person who could, "perform simple work with supervision for a workday and a work week . . . [and] relate to supervisors and coworkers on a superficial basis." Tr. at 54. This hypothetical question includes all of the limitations recognized by the ALJ in his RFC and therefore is not defective. *Id.* at 28.

## II. The ALJ's Past Relevant Work Finding

Plaintiff asserts that the ALJ erred in finding that she had past relevant work as a housekeeper. (Doc. No. 20, at 18.) Specifically, Plaintiff claims that her work as a housekeeper was not substantial gainful activity ("SGA") and therefore cannot be considered past relevant

7

work. *Id*. The Commissioner argues that the ALJ's finding was supported by substantial evidence contained in the record and therefore, was not erroneous. (Doc. No. 23, at 8.)

At step four of the sequential evaluation process, the ALJ considers: (1) whether the claimant is capable of performing past relevant work, (2) if the past relevant work was done within the last 15 years, and (3) if the past relevant work was SGA. 20 C.F.R. §§ 404.1565(a), 416.965(a). Here, the ALJ determined that Plaintiff had "performed her past work as a housekeeper, at substantial gainful activity." Tr. at 30. Generally, work is considered to be SGA if Plaintiff's average monthly earnings exceed certain threshold amounts set forth by the Commissioner.[1] *See* 20 C.F.R. §§ 404.1574(b)(2)(ii), 416.974(b)(2)(ii); POMS DI 10501.015. Thus, by determining that Plaintiff's work as a housekeeper was SGA, the ALJ implicitly found that her monthly earnings exceeded the corresponding threshold amounts.

In support of the ALJ's finding, the Commissioner relies on the "Disability Report" that was allegedly filled out by Plaintiff. (Doc. No. 23, at 8); Tr. at 360–70. Within this report is a section entitled "Job History" which lists the job title of "housekeeper" and type of business as "daycare". Tr. at 362. The rate of pay for this job is listed at $1,058 per month and is reported to have lasted from 2008 to 2012. *Id*. At $1,058 per month, Plaintiff's work as a housekeeper would exceed the SGA threshold amount for each year between 2008 and 2012. *See* 20 C.F.R. §§ 404.1574(b)(2)(ii), 416.974(b)(2)(ii); POMS DI 10501.015. However, the record also contains a document titled "Detailed Earnings Query" which lists Plaintiff's yearly earnings from 1978 to 2016. Tr. at 327–39. The document indicates Plaintiff began working at a daycare in 2008, earning an average monthly income of $609, an amount well below the 2008 SGA threshold of $940 per month. Tr. at 333. According to the document, Plaintiff continued to work at the

---

[1] The threshold amounts are determined based upon an inflation adjusted formula tied to the national average wage index, an index published by the Department of Labor. 20 C.F.R. §§ 404.1574(b)(2)(ii), 416.974(b)(2)(ii).

daycare until 2012, but never posted earnings that exceeded the corresponding SGA threshold amounts. *Id.* at 333–34; 20 C.F.R. §§ 404.1574(b)(2)(ii), 416.974(b)(2)(ii); POMS DI 10501.015. Thus, the record contains conflicting evidence concerning whether Plaintiff's job as a housekeeper was SGA. Despite this conflict, the ALJ simply stated that Plaintiff worked as a housekeeper at SGA levels. Tr. at 30. The ALJ made no attempt to clear the ambiguity in the record or provide evidentiary support for his decision. *Id.* Thus, given the unresolved conflict in the record and conclusory nature of the ALJ's finding, the ALJ's step four determination is not supported by substantial evidence. Therefore, remand for further proceedings is appropriate in order to determine whether Plaintiff's past relevant work was SGA and whether Plaintiff is capable of performing that work.

### III.   Plaintiff's Ability to Maintain Work

Plaintiff's final basis of error alleges that the ALJ erred in only determining whether she could obtain employment without also determining whether she could maintain such employment. (Doc. No. 20, at 24.) Specifically, Plaintiff claims that the ALJ's step four past relevant work finding is defective because he did not determine whether Plaintiff could hold a job for a significant period of time. *Id.* The Court has already determined that the ALJ's past relevant work finding was not supported by substantial evidence because the ALJ failed to resolve conflicting evidence relating to whether Plaintiff's past relevant work was SGA. Thus, this case will be remanded for further proceedings resulting in a new step four determination. Therefore, Plaintiff's final point of error is moot.

### CONCLUSION

In light of the foregoing, pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Court **ORDERS** that the ALJ's decision be **REVERSED** and this case be **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

**So ORDERED and SIGNED this 24th day of June, 2019.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE